Date signed November 29, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| JOHN C. WALLACE : | Case No. 10-21093PM |
| : | Chapter 13 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |

## MEMORANDUM OF DECISION

This case came before the court for a status conference on the Debtor's Objection to the Proof of Claim filed on behalf of Longleaf Homeowners Association ("Association" and "HOA") in the sum of $1,477.93. Because of the small amount of money involved in this controversy and the absence of counsel for the Association at the status conference, the court will decide the case on the papers, the parties having fully stated their position therein. There is no reason to increase the costs of this matter.

At the outset, the court is fearful that this decision is nothing more than an advisory opinion, as will be explained. The property as to which the Association has filed a secured claim is subject to a senior lien held by OneWest Bank FSB in the sum of $594,931.65. Debtor schedules this property with a value of $429,500.00. The Association schedules the property with a value of $553,830.00. In either event, there is no equity in the property to support the alleged lien of HOA, and it is subject to avoidance pursuant to such cases as *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009). In addition, the lien appears to have been recorded April 26, 2010, and is likely subject to an avoidance as a preferential transfer under § 547(b) of the Bankruptcy Code, inasmuch as this bankruptcy case under Chapter 13 was filed on May 17, 2010, within 90 days of the fixing of the statutory lien.

The charges beyond the amount in the Statement of Lien of $642.43, as of April 7, 2010, are clearly not as argued by the HOA inchoate interest as the claim was fully developed, matured or invested at the time of its filing.  *See In re Bucchino*, ___ B.R. ___, WL3911369 (BC N.Mex. 2010).  Here, unlike the case of *United States v. White*, 325 F.Supp. 1133 (S.D. W.Va. 1971), the lienor's exact identity, the certainty of amount, and time of attachment were fully fleshed out at the time of the filing of the lien.  Finally, the amount of the Proof of Claim as a secured claim appears debatable in that the attorney's fees sought are almost equal to the amount sought to be collected.

For all of these reasons, the court will sustain the Objection to the Proof of Claim to the extent that it exceeds $642.43 without prejudice to the filing of an action to avoid the lien.  An appropriate order will be entered.

cc:
Keith R. Havens, Esq., 2401 Research Blvd., Suite 308, Rockville, MD 20850
Ursula K. Burgess, Esq., Rees Broome, 8133 Leesburg Pike, Vienna, VA 22182
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
John C. Wallace, 610 Butterfly Circle, Dallastown, PA 17313

**End of Memorandum**